1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9
10

DONALD GARCIA MONTELONGO,

Case No. EDCV 16-2477-PSG (KK)

11

Plaintiff,

12

v.

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

13

COUNTY OF RIVERSIDE,

14

Defendant.

15
16
17

**I.**

18

**INTRODUCTION**

19      Plaintiff Donald Garcia Montelongo ("Plaintiff"), proceeding pro se and in

20  forma pauperis, has filed a Complaint ("Complaint") pursuant to Title 42 of the

21  United States Code, section 1983 ("Section 1983") alleging violations of his Fourth

22  and Fourteenth Amendment rights based upon an alleged use of excessive force.

23  Plaintiff appears to be suing defendant County of Riverside ("Defendant").  As

24  discussed below, the Court dismisses the Complaint with leave to amend for failure

25  to state a claim.

26  ///

27  ///

28  ///

## II.

## ALLEGATIONS IN COMPLAINT

On December 1, 2016, Plaintiff filed the Complaint pursuant to Section 1983, which appears to sue sole defendant County of Riverside.  Dkt. 1, Compl.[1]

According to the Complaint, Plaintiff was "brutely [sic] attacked by another Inmate Tyler" on January 10, 2015 at the Banning Correctional facility.  Id. at 2. Plaintiff alleged Inmate Tyler used an "excessive amount of force! in violation of [Plaintiff's] civil rights under the fourth and fourteenth amendments" by "beat[ing], kick[ing], [and] punch[ing]" him.  Id.  Plaintiff further alleges "municipal liability" against defendant County of Riverside for having a "custom, policy, and practice" of "[e]mploying and retaining as deputy sheriffs and other personnel, defendant Tyler"; "inadequately supervising, training, controlling, and disciplining" employees and personnel; "maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by defendant Tyler"; and "having a maintaining an unconstitutional custom and practice of using defendant Tyler . . . of excessive force."  Id. at 2-4.

## III.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

---

[1] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

2

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the

pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A.   THE COMPLAINT DOES NOT UNAMBIGUOUSLY IDENTIFY DEFENDANTS

#### (1)   APPLICABLE LAW

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

#### (2)   ANALYSIS

Here, Plaintiff lists a single defendant, County of Riverside, in the caption of the Complaint. See Compl. at 1. However, Plaintiff then appears to present two causes of action: one against inmate Tyler and one against County of Riverside. Id. at 2-5. If Plaintiff wishes to include defendants other than County of Riverside, he must clarify exactly who the defendants are – at a minimum, the caption and body of the Complaint must agree.

4

**B.    PLAINTIFF FAILS TO STATE A <u>MONELL</u> CLAIM AGAINST DEFENDANT COUNTY OF RIVERSIDE**

   **(1)    APPLICABLE LAW**

Respondeat superior liability does not exist under Section 1983.  <u>Monell Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>see also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  Consequently, an entity is liable only for allegations of constitutional violations that arise from an official policy or longstanding custom. <u>Id.</u>  A plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity."  <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted).  Proof of random acts or isolated events is insufficient to establish a custom or practice.  <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1444 (9th Cir. 1989).  Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law.  <u>Board of Cty. Comm'rs of Bryan Cty., Okl. v. Brown</u>, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997).  In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) citing <u>Arnold v. Int'l Bus. Machines Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981)).

   **(2)    ANALYSIS**

Here, Plaintiff fails to state a Section 1983 claim against Defendant County of Riverside.  Plaintiff makes conclusory allegations based upon a single incident. These allegations fail to present any facts plausibly suggesting state action pursuant to an unconstitutional policy, practice, or custom maintained by Defendant County of Riverside.  Absent any specific allegations supporting Plaintiff's <u>Monell</u> claim, the Section 1983 claim against Defendant County of Riverside must be dismissed.

1   See Dougherty v. City of Covina, 654 F.3d 892, 901–02 (9th Cir. 2011) (affirming

2   dismissal without leave to amend because the plaintiff's Monell claims "lack any

3   factual allegations that would separate them from the 'formulaic recitation of a

4   cause of action's elements' deemed insufficient by Twombly" (citation omitted)).

5   **C.**   **PLAINTIFF FAILS TO STATE AN EXCESSIVE FORCE CLAIM**

6       **AGAINST INMATE TYLER**

7       **(1)**   **APPLICABLE LAW**

8       A Section 1983 plaintiff bears the burden of pleading and proving two

9   essential elements: (1) conduct that deprived him or her of a right, privilege, or

10   immunity protected by the Constitution or laws of the United States; and (2) the

11   alleged deprivation *was committed by a person acting under the color of state law*. See

12   West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (emphasis

13   added).  Courts "start with the presumption that private conduct does not

14   constitute governmental action."  Sutton v. Providence St. Joseph Medical Ctr.,

15   192 F.3d 826, 835 (9th Cir. 1999); Price v. State of Hawaii, 939 F.2d 702, 707–08

16   (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law. .

17   . .").

18       **(2)**   **ANALYSIS**

19       Here, to the extent Plaintiff seeks to sue inmate Tyler, inmate Tyler is a

20   private party who was not acting under color of state law.  Absent an allegation that

21   inmate Tyler was a "willful participant in a joint activity with the State or its

22   agents," Plaintiff's Section 1983 claims against inmate Tyler will fail.  See United

23   States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966); Johnson

24   v. Knowles, 113 F.3d 1114, 1118-20 (9th Cir. 1997), cert. denied, 522 U.S. 996, 118

25   S. Ct. 559, 139 L. Ed. 2d 401 (1997) (describing the standards for finding that

26   private person acted under color of law).

27

28

**D.    IF PLAINTIFF CHOOSES TO PURSUE AN EXCESSIVE FORCE CLAIM, HE MUST IDENTIFY WHETHER HE WAS A SENTENCED INMATE OR PRETRIAL DETAINEE**

**(1)    APPLICABLE LAW**

After arraignment, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from excessive force that amounts to punishment. Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) (citing Graham v. Connor, 490 U.S. 386, 395 n.10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)).  After conviction, the Cruel and Unusual Punishment Clause of the Eighth Amendment governs the use of force against a prisoner.  Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).  See also Kirby v. Navarro, No. 2:14-cv-9161 PSG (GJS), 2015 WL 5169270, at *3 (C.D. Cal. July 28, 2015) report and recommendation adopted, 2015 WL 5167926 (C.D. Cal. Sept. 2, 2015).

**(2)    ANALYSIS**

Here, it is unclear from the Complaint whether Plaintiff was confined as the result of a criminal conviction, or whether he was a pretrial detainee at the time of the alleged incident.  As a result of the Complaint's lack of clarity and specificity, the Court cannot decipher the nature of Plaintiff's claims.  Unclear pleadings, such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims [are] and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal.  Little v. Baca, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  Accordingly, the Complaint must be dismissed for failure to comply with Rule 8.  See also Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").  If Plaintiff

1  chooses to pursue an excessive force claim, he must – at a minimum – specify his

2  custodial status.

3  **V.**

4  **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

5      For the foregoing reasons, the Complaint is subject to dismissal.  As the

6  Court is unable to determine whether amendment would be futile, leave to amend

7  is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

8  curiam).

9      Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the

10  service date of this Order, Plaintiff choose one of the following two options:

11      1.    Plaintiff may file a First Amended Complaint to attempt to cure the

12  deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a**

13  **blank Central District civil rights complaint form to use for filing the First**

14  **Amended Complaint, which the Court encourages Plaintiff to use.**

15      If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly

16  designate on the face of the document that it is the "First Amended Complaint," it

17  must bear the docket number assigned to this case, and it must be retyped or

18  rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not

19  include new defendants or new allegations that are not reasonably related to the

20  claims asserted in the Complaint.  In addition, the First Amended Complaint must

21  be complete without reference to the Complaint or any other pleading, attachment,

22  or document.

23      An amended complaint supersedes the preceding complaint.  Ferdik v.

24  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

25  treat all preceding complaints as nonexistent.  Id.  Because the Court grants

26  Plaintiff leave to amend as to all his claims raised here, any claim raised in a

27  preceding complaint is waived if it is not raised again in the First Amended

28  Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

8

2.      Alternatively, Plaintiffs may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the Court encourages Plaintiffs to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  December 06, 2016

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

9