UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GARCIA MONTELONGO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE,<br><br>Defendant. | Case No. EDCV 16-2477-PSG (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Donald Garcia Montelongo ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a First Amended Complaint ("FAC") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging violations of his Fourth and Fourteenth Amendment rights based upon an alleged use of excessive force. As discussed below, the Court dismisses the FAC with leave to amend for failure to state a claim.

**II.**

**PROCEDURAL HISTORY**

On December 1, 2016, Plaintiff filed a Complaint ("Complaint") pursuant to Section 1983, which appeared to sue Defendant County of Riverside for violations

of Plaintiff's Fourth and Fourteenth Amendment rights based upon an alleged use of excessive force.  <u>See</u> ECF Docket No. ("Dkt.") 1, Compl.

On December 6, 2016, the Court dismissed the Complaint with leave to amend for failure to comply with Federal Rules of Civil Procedure 10(a) and 12(b)(6).  Dkt. 7, Order.  The Court found the Complaint did not unambiguously identify defendants because Plaintiff listed County of Riverside as a single defendant, but presented an additional cause of action against inmate Tyler.  <u>Id.</u> at 4.  The Court further found Plaintiff (1) failed to state an excessive force claim against inmate Tyler because he is a private citizen, and (2) failed to state a <u>Monell</u> claim against Defendant County of Riverside because Plaintiff did not present facts that plausibly suggested state action pursuant to an unconstitutional policy, practice, or custom.  <u>Id.</u> at 5-6.  Lastly, the Court found it was unable to determine whether Plaintiff was confined as the result of a criminal conviction, or whether he was a pretrial detainee at the time of the alleged incident, thereby preventing it from deciphering the nature of Plaintiff's claims.  <u>Id.</u> at 5.

On December 12, 2016, Plaintiff filed the instant FAC against Defendant County of Riverside.  Dkt. 11, FAC.

### III.

### <u>ALLEGATIONS IN FAC</u>

In the FAC, Plaintiff appears to present a single claim against inmate Tyler.  <u>Id.</u>  Plaintiff again alleges he was "brutely [sic] attacked" by inmate Tyler.  <u>Id.</u> at 5.  Plaintiff claims he was "being punch kicked, while being also held against [his] will."  <u>Id.</u>  As a result of this violence, Plaintiff alleges he "suffered severe head and back injuries."  <u>Id.</u>

Plaintiff additionally claims inmate Tyler "wasn't in compliance with Banning Jail Rules of procedures," nor was inmate Tyler "assigned any or at all medication in an [sic] medication dorm (area)."  <u>Id.</u>  Plaintiff claims inmate Tyler

2

"wasn't screened well" and Plaintiff was not "screened and place[d] in an [sic] suitable manner to fit [his] needs." Id. at 5-6.

As a result of his injuries, Plaintiff seeks general and punitive damages amounting to $600,000.

## IV.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed

1  factual allegations, it "must contain sufficient factual matter, accepted as true, to

2  'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d

3  1002, 1004 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.

4  1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the

5  court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged." Id. (citation omitted).

7      "A document filed pro se is to be liberally construed, and a pro se complaint,

8  however inartfully pleaded, must be held to less stringent standards than formal

9  pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.

10 2008) (citations and internal quotation marks omitted).  "[W]e have an obligation

11 where the p[laintiff] is pro se, particularly in civil rights cases, to construe the

12 pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v.

13 Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

14     If the court finds the complaint should be dismissed for failure to state a

15 claim, the court has discretion to dismiss with or without leave to amend. Lopez v.

16 Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted

17 if it appears possible the defects in the complaint could be corrected, especially if

18 the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,

19 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint

20 cannot be cured by amendment, the court may dismiss without leave to amend.

21 Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th

22 Cir. 2009).

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**V.**

**DISCUSSION**

**A.    PLAINTIFF FAILS TO STATE AN EXCESSIVE FORCE CLAIM**
       **AGAINST INMATE TYLER**

    **(1)    APPLICABLE LAW**

A Section 1983 plaintiff bears the burden of pleading and proving two essential elements: (1) conduct that deprived him or her of a right, privilege, or immunity protected by the Constitution or laws of the United States; and (2) the alleged deprivation *was committed by a person acting under the color of state law*. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (emphasis added).  Courts "start with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Medical Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law. . . .").

    **(2)    ANALYSIS**

Here, Plaintiff still seeks to sue inmate Tyler who is a private party who was not acting under color of state law during the alleged incident.  While Plaintiff now alleges inmate Tyler was not "in compliance with Banning Jail Rules of procedures"; "screened well"; or "assigned any or at all medication in an [sic] medication dorm (area)," id. at 5-6, absent an allegation that inmate Tyler was a "willful participant in a joint activity with the State or its agents," Plaintiff's Section 1983 claim against inmate Tyler fails.  See United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966); Johnson v. Knowles, 113 F.3d 1114, 1118-20 (9th Cir. 1997), cert. denied, 522 U.S. 996, 118 S. Ct. 559, 139 L. Ed. 2d 401 (1997) (describing the standards for finding that private person acted under color of law).

1    **B.    IF PLAINTIFF CHOOSES TO PURSUE AN EXCESSIVE FORCE**

2    **CLAIM, HE MUST IDENTIFY WHETHER HE WAS A**

3    **SENTENCED INMATE OR PRETRIAL DETAINEE**

4    **(1)    APPLICABLE LAW**

5    After arraignment, the Due Process Clause of the Fourteenth Amendment

6    protects pretrial detainees from excessive force that amounts to punishment.

7    Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416

8    (2015) (citing Graham v. Connor, 490 U.S. 386, 395 n.10, 109 S. Ct. 1865, 104 L.

9    Ed. 2d 443 (1989)).  After conviction, the Cruel and Unusual Punishment Clause of

10   the Eighth Amendment governs the use of force against a prisoner.  Whitley v.

11   Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).  See also Kirby

12   v. Navarro, No. 2:14-cv-9161 PSG (GJS), 2015 WL 5169270, at *3 (C.D. Cal. July

13   28, 2015) report and recommendation adopted, 2015 WL 5167926 (C.D. Cal. Sept.

14   2, 2015).

15   **(2)    ANALYSIS**

16   Here, despite this Court's directives in its prior order, it still remains unclear

17   whether Plaintiff was confined as the result of a criminal conviction, or whether he

18   was a pretrial detainee at the time of the alleged incident.  As a result of the FAC's

19   lack of clarity and specificity, the Court cannot decipher the nature of Plaintiff's

20   claims.  Unclear pleadings, such as the Complaint, that "leav[e] it to the Court to

21   figure out what the full array of [Plaintiff's] claims [are] and upon what federal law,

22   and upon what facts, each claim is based" remain subject to dismissal.  Little v.

23   Baca, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  If

24   Plaintiff chooses to pursues an excessive force claim, he must – at a minimum –

25   specify his custodial status.

26   ///

27   ///

28   ///

6

# VI.

## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.      Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2.      Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court**

7

1  **is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the**
2  **Court encourages Plaintiffs to use.**

3        The Court advises Plaintiff that it generally will not be well-disposed toward
4  another dismissal with leave to amend if Plaintiff files a Second Amended
5  Complaint that continues to include claims on which relief cannot be granted.  "[A]
6  district court's discretion over amendments is especially broad 'where the court
7  has already given a plaintiff one or more opportunities to amend his complaint.'"
8  Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations
9  omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a Second**
10  **Amended Complaint with claims on which relief cannot be granted, the**
11  **Second Amended Complaint will be dismissed without leave to amend and**
12  **with prejudice.**

13        **Plaintiff is explicitly cautioned that failure to timely file a Second**
14  **Amended Complaint will result in this action being dismissed with prejudice**
15  **for failure to state a claim, prosecute and/or obey Court orders pursuant to**
16  **Federal Rule of Civil Procedure 41(b).**

17

18  Dated:  December 22, 2016

19  _____
20  HONORABLE KENLY KIYA KATO
    United States Magistrate Judge

21

22

23

24

25

26

27

28

8